HARVEY W. BOWLES *vs.* IRA S. SAWYER.

Penobscot.    Opinion December 21, 1917.

*Insurance contract.    General rule as to right of agent of insurance company being entitled to commissions on renewal premiums paid after the agent's contract has been terminated.*

This is an action of debt on an insurance contract, and is before the court on an agreed statement of facts, from which it appears that the defendant was general agent of the New England Life Insurance Company, and employed the plaintiff to act as his special agent to procure applications for life insurance policies, deliver policies and premium receipts, and to collect premiums and transmit the same to the general agent.    The contract was dated March 18, 1911, and was terminated by the plaintiff on the third day of May, 1913, by giving written notice as provided therefor in the contract.    All commissions on first premiums, and on renewals prior to said third day of May, 1913, were paid to the plaintiff, who now sues to recover for commissions on renewal premiums.

*Held:*

1.    The terms of the contract are clear and unambiguous.    The commission on the renewal premiums were to be paid "during the continuance of the agreement," or, as provided in Section 14 for such contingency, after the expiration of one year, if the agreement shall be terminated by the general agent.

2.    The plaintiff received all commissions to which he was entitled at the date of the termination of the agency.    He cannot recover further compensation under the contract.    The claim advanced by the plaintiff to be meritorious must be supported by evidence of continued service, which is not pretended here.

3.    In the absence of express stipulation to the contrary, an agent is not entitled to commissions on renewal premiums paid after the termination of the agency.

Action of debt upon an insurance contract.    By agreement of parties case was reported to Law Court upon  agreed  statement of fact.    Judgment for defendant.

Case stated in opinion.

*P. B. Gardner,* for plaintiff.

*Scott Wilson, and E. L. Bodge,* for defendant.

SITTING:  CORNISH, C J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

HANSON, J.  This is an action of debt on an insurance contract, and is before the court on an agreed statement of facts, from which it appears that the defendant was general agent of the New England Life Insurance Company, and employed the plaintiff to act as his special agent to procure applications for life insurance policies, to deliver policies and premium receipts, and to collect premiums and transmit the same to the general agent.  The contract was dated March 18, 1911, and was terminated by the plaintiff on the third day of May, 1913, by giving written notice as provided therefor in the contract.  All commissions on first premiums, and on renewals prior to said third day of May, 1913, were paid to the plaintiff.

For the first year's business the plaintiff's remuneration was to be a commission ranging from four per cent to fifty per cent on the premiums on policies secured by him.

Further provision was made in his favor under sections seven and eight of the contract, and as the suit is based on section seven, that section is here given:

"Section VII.  During the continuance of this agreement, without any of its terms or conditions having been violated in any particular, the said General Agent agrees to pay or allow to the said party of the second part, a commission of 5 per cent on the first nine renewal premiums, so called, on policies for the term of life, and on endowments of 20 or more annual payments; and 3 per cent on the first nine renewal premiums, so called, on endowments of less than 20 annual premium payments, on all policies placed by said party of the second part, and standing to his credit, when, and as, such renewal premiums are actually collected by the said General Agent."

The plaintiff sues to recover for commissions on renewal premiums and asserts his claim in his declaration,  "That by virtue of the provisions of the seventh condition of said herein mentioned agreement, he became and was entitled to, on the thirty-first day of December, A. D. 1915, certain renewal commissions for the years 1913, 1914 and 1915, for insurance written subsequent to the eighteenth day of March, A. D. 1911, and prior to the third day of May, A. D. 1913, at the rates of five and three per cent respectively on the basis of annual

premium payments, for such policies of insurance as aforesaid, according to the terms of said itemized account annexed hereto and made a part of this declaration."

The terms of the contract are clear and unambiguous. The commission on the renewal premiums were to be paid, "during the continuance of the agreement," or, as provided in section 14 for such contingency, after the expiration of one year, if the agreement shall be terminated by the general agent.

As above stated the agreement was terminated by the plaintiff. He had received all commissions to which he was entitled at the date of the termination of the agency. He cannot recover further compensation under the contract. The claim advanced by the plaintiff to be meritorious must be supported by evidence of continued service, which is not pretended here.

No citation has been presented, or reason advanced why we should depart from the rule that, "In the absence of express stipulation to the contrary, an agent is not entitled to commissions on renewal premiums paid after the termination of the agency." *Spaulding* v. *Ins. Co.*, 61 Maine, 329. *Gooding* v. *Insurance Company*, 110 Maine, 69. The entry will be,

*Judgment for the defendant.*